[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT
The plaintiff has moved the court to amend its July 30, 1998 complaint through motion filed August 9, 2002. Appended to the motion is the proposed amended complaint. The plaintiff seeks to amend counts one through three of the complaint which asserts causes of action against the defendant, Town of Greenwich (Town), specifically the plaintiff attempts to include an allegation in each of the three counts that the area in which she allegedly fell was insufficiently lit.
The Town through memorandum filed August 20, 2002, has objected to the plaintiffs motion to amend. On September 17, 2002, the plaintiff filed with the court a reply memorandum to the objection. Thereafter, on September 20, 2002, the Town filed a surreply. The case is currently scheduled for jury selection on November 4, 2002. In addition, a motion for summary judgment is now pending.
Pursuant to Practice Book § 10-60 as applied to this case, the plaintiff must file a request for leave to file the amended pleading with the court. "The judicial authority may restrain such amendments so far as may be necessary to compel the parties to join issue in a reasonable time for trial. If the amendments occasion delay in the trial or inconvenience to the other party, the judicial authority may award costs in its discretion in favor of the other party." Practice Book § 10-60b.
The Supreme Court in Connecticut National Bank v. Voog, 233 Conn. 352,364-65, 659 A.2d 172 (1995) articulated a number of factors to be considered by the trial court in determining whether to permit an amendment.
 "While our courts have been liberal in permitting amendments; . . . this liberality has limitations. Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and CT Page 12125 the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment, and a decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of that discretion." (Citations omitted, internal quotation marks omitted.)
The court having evaluated the parties positions in light of the factors to be considered, grants the plaintiff leave to amend the complaint. The Town may move the court for costs which may be occasioned by the amendments.
BY THE COURT
 ___________________ Peter Emmett Wiese, Judge
CT Page 12126